*Tamarac Holding Corp. v. Laframboise*, No. 536-6-17 Cncv  (Mello, J., May 25, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| TAMARAC HOLDING CORPORATION, <br><br> Plaintiff <br><br> v. <br><br> BERNARD LAFRAMBOISE and PAMELA J. LAFRAMBOISE, <br><br> Defendants | Docket No. 536-6-17 Cncv |

DECISION ON BERNARD LAFRAMBOISE'S CROSS-CLAIM AGAINST PAMELA J. LAFRAMBOISE

This is a suit to repossess a 1998 Titan mobile home that was purchased in 2003 by Defendants Bernard and Pamela J. LaFramboise and which is now owned solely by Pamela. Plaintiff Tamarac Holding Corporation also seeks a judgment against both defendants for any deficiency that may still be owed after the mobile home is repossessed and sold.

On March 5, 2018, the court granted summary judgment in favor of Tamarac on its claims against Bernard and Pamela. The court held that both defendants are liable on the retail installment contract that they signed when they purchased the mobile home, that the contract had been assigned to Tamarac, that both defendants had defaulted on the loan, that Tamarac had sent defendants a notice of default and notice of right to cure, that neither of the defendants had cured the default, and that Tamarac had accelerated the loan, which is now due and owing in full.

That same day, however, the court denied Bernard's motion for summary judgment on his cross-claim for indemnity against Pamela because there was a genuine dispute over which of them

1

had been responsible for the default. The cross-claims was, therefore, scheduled for an evidentiary hearing, which was held on May 17, 2018. At the hearing, Tamarac was represented by Heather Z. Cooper, Esq., Bernard was represented by Matthew M. Glitman, Esq., and Pamela represented herself. Based upon the credible evidence, the court finds, concludes and orders, as follows.

At the time Bernard and Pamela purchased the mobile home in 2003, they were married and living together. Difficulties arose in their marriage, however, and in February of 2014, Bernard moved out, leaving Pamela in sole possession of the mobile home. Bernard filed for divorce, and in December of 2014, a divorce decree was entered ordering that the mobile home be sold and the net proceeds divided 35% to Bernard and 65% to Pamela. The decree also ordered that, pending the sale of the home, Bernard "make all mortgage and tax payments" and Pamela "shall pay the full amount of lot rent, plus any utilities." Bernard was also ordered to pay Pamela $400 a month in spousal maintenance.

Pamela made no any serious effort to sell the mobile home, notwithstanding the divorce decree. On August 21, 2015, the family court held a hearing on a motion Pamela had filed to enforce spousal maintenance. By the time the of the hearing, Bernard had brought his maintenance payments current, so the court denied the motion. The mobile home, however, still had not been sold. Pamela told the court that she had "put the trailer on [the] market, and had interest, but no offers." The court ordered, among other things, "If no sale by 10/1/15, either party may seek modification with respect to costs of ownership of trailer…." At the time the court made that entry, Bernard had made all the required monthly payments on the debt to Tamarac for the mobile home. His last payment had been made July 20, 2015. Bernard made no further payments towards the Tamarac loan after that date, although he did continue to pay spousal support to Pamela.

On November 24, 2015, the family court held a hearing on Bernard's motion to modify the divorce decree. Both parties appeared. After hearing the parties, the court issued an entry saying: "Court

2

modifies Final Order and awards Mobile Home to [Pamela] subject to her obligation to make all payments relative to property." The court added, "[Bernard] is relieved of his obligation to pay mortgage and all equity in mobile home is awarded to [Pamela]." By the time the family court entered that order, the Tamarac loan was four months in arrears, inasmuch as neither party had made any payment on the loan since Bernard's payment in July.

Since acquiring sole ownership of the mobile home in November of 2015, Pamela has continued to live in the mobile home, but she has made no payments towards the Tamarac loan. Bernard contends that Pamela should be required to indemnify him for any payments that may now have to make to Tamarac, because Pamela has had the sole ownership and use of the home since November of 2015, she was awarded "all equity in [the] mobile home," she failed for three years to comply with the family court's order requiring her to "make all payments relative to [the] property," and, under the court's order, he was "relieved of his obligation to pay [the] mortgage." Pamela opposes Bernard's request for indemnity. She contends that his request should be denied because under the divorce decree he was solely responsible for paying the Tamarac loan until the decree was amended in November of 2015, and he caused the loan to go into default by failing to make the August, September, October and November payments.

"[T]he right to indemnity may be implied where 'circumstances require the law to imply such an undertaking.'" Hemond v. Frontier Commc'ns of Am., Inc., 2015 VT 66, ¶ 8, 199 Vt. 259 (quoting City of Burlington v. Arthur J. Gallagher & Co., 173 Vt. 484, 486 (2001) (mem.)). As "an exception to our longstanding rule barring contribution among joint tortfeasors," indemnity is "imputed only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another." Hemond, 2015 VT 66, ¶ 9 (citing White v. Quechee

3

Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28–29 (1999); W. Keeton, Prosser and Keeton on the Law of Torts § 51, at 344 (5th ed.1984)).

The relationship between Bernard and Pamela was that of husband and wife and equal co-owners of the mobile home until December of 2014, when they became divorced and unequal owners of the home (35% Bernard and 65% Pamela). That relationship continued until November of 2015, when Pamela became the sole owner. Since then, their only relationship has been co-debtors on the Tamarc loan.

Under the original divorce decree, Bernard was obligated to pay the Tamarac loan each month until the decree was modified. It was not modified until November of 2015, by which time it was four months in arrears due to Bernard's failure to make the required installment payments of $370.04 per month for the months of August, September, October and November of 2015. Because he was solely responsible for making those four payments, and because he failed to do so, Bernard is not entitled to indemnity from Pamela for the total of those amounts (i.e., $1,480.16).

However, Bernard is entitled to be indemnified by Pamela for any payments he is required to make to Tamarac beyond that $1,480.16. This is because, under the divorce decree as modified in November of 2015, Pamela became obligated "to make all payments relative to the property" from that point forward. The modified decree also clearly provided that, from November 2015 onward, Bernard was "relieved of his obligation to pay [the] mortgage." Because Pamela has been solely responsible for making the Tamarac payments since November of 2015, and because she has failed to do so, it would be inequitable to require Bernard to shoulder any part of that debt. This is especially so in light of the fact that Pamela has had the sole ownership and use of the mobile home this entire time, and she was awarded his 35% ownership interest in the home in return for her becoming solely responsible for the Tamarac loan. Therefore, Bernard is entitled to judgment in his favor on his cross-claim against Pamela.

4

Judgment


Based upon the foregoing findings and conclusion, Judgment is hereby entered in favor of Bernard LaFramboise on his cross-claim against Pamela J. LaFrmboise as follows:  If Bernard is required to make any payments to Tamarac Holding Corporation, he is not entitled to indemnity for the first $1,480.16 of such payments.  If, however, Bernard is required to make any payments to Tamarac Holding Corporation in excess of $1,480.16, then Pamela shall indemnify him in full for those excess payments.

SO ORDERED this 23rd day of May, 2018.


_____
Robert A. Mello
Superior Court Judge

5